IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE HAMILTON,

    Petitioner,                  No. CIV S-05-1761 DFL GGH P

    vs.

J. S. WOODFORD,

    Respondent.                <u>ORDER</u>

        Petitioner, a state prisoner proceeding pro se, has purported to have filed an application for a writ of habeas corpus, which he entitles "ex parte emergency petition for writ of habeas corpus challenging reckless and dangerous conditions of confinement...." Petitioner seeks a transfer to the federal prison system because, he alleges, (unnamed) employees of the California Department of Corrections and Rehabilitation (CDCR) have engaged in a conspiracy and have circulated false information and false documents (about him) to other inmates for the purpose of endangering him in retaliation for his activities in reporting CDCR corruption and criminal activity.

        On the face of it, petitioner's application must be dismissed because, as he himself

1

asserts, he is challenging conditions of his confinement,[1] which comes within the purview of an action pursuant to 42 U.S.C. § 1983:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827 [] (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S.Ct. 1303, 1304 (2004) (per curiam).

Petitioner, as plaintiff, will be granted thirty (30) days to file a civil rights action.

In addition, petitioner has failed to file in forma pauperis affidavit or to pay the the required filing fee. See 28 U.S.C. §§ 1914(a), 1915(a). Petitioner, as plaintiff, will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee of $250.00, within thirty days.

The Clerk of the Court will provide petitioner, as plaintiff, with the appropriate forms. Upon petitioner's filing of a complaint pursuant to 42 U.S.C. § 1983, the case will be re-designated as a prisoner civil rights action.

Accordingly, IT IS ORDERED that:

1. The "ex parte emergency petition for writ of habeas corpus...." which challenges the conditions of petitioner's confinement, is dismissed with leave granted for petitioner, as plaintiff, to file a civil rights complaint pursuant to 42 U.S.C. § 1983;

2. Petitioner, as plaintiff, shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee;

3. The Clerk of the Court is directed to send petitioner, as plaintiff, a form for

---

[1] In addition, petitioner names J.S. Woodford as the "defendant," not as the respondent.

2

filing a civil rights action in this district and a new Application to Proceed In Forma Pauperis By a Prisoner;

    4. Upon petitioner's filing of a civil rights complaint, pursuant to 42 U.S.C. § 1983, this case will be re-designated as a prisoner civil rights action;

    5. Failure to comply with this order will result in a recommendation that this action be dismissed.

DATED: 10/6/05

    /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hami1761.ord