IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE HAMILTON,

    Petitioner,                No. CIV S-05-1761 DFL GGH P

    vs.

J. S. WOODFORD,

    Respondent.             FINDINGS & RECOMMENDATIONS

_____/

        By order filed on October 6, 2005, petitioner pro se's habeas petition was dismissed but he was granted leave, as plaintiff, within thirty days, to file a civil rights action, pursuant to 42 U.S.C. § 1983, because his challenge was to the conditions of confinement rather than to the validity or constitutionality of his conviction or sentence. Petitioner was also granted thirty days to file the appropriate in forma pauperis affidavit or to file the appropriate fee to proceed in a § 1983 action. Petitioner was informed that once he filed an appropriate complaint this case would be re-designated as a prisoner civil rights action. Petitioner was also provided with the appropriate forms for the requisite filings by that order. He was also cautioned that failure to comply with the order would result in a recommendation of dismissal. Petitioner has now filed an "ex parte emergency motion for a temporary restraining order and/or preliminary injunction....", rather than documents in compliance with the court's prior order. However, the

1

time for complying with the court's October 6, 2005 order has not yet expired.

TRO

The purpose in issuing a temporary restraining order is to preserve the status quo pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining order due to the fact that very few such orders can be appealed prior to the hearing on a preliminary injunction. It is apparent, however, that requests for temporary restraining orders which are not ex parte and without notice are governed by the same general standards that govern the issuance of a preliminary injunction. See New Motor Vehicle Bd. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977) (Rehnquist, J.); Los Angeles Unified Sch. Dist. v. United States Dist. Court, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J. dissenting); Century Time Ltd. v. Interchron Ltd., 729 F. Supp. 366, 368 (S.D.N.Y. 1990). In many cases the emphasis of the court is directed to irreparable harm and the balance of hardships because the merits of a controversy are often difficult to ascertain and adjudicate on short notice.

Preliminary Injunction Standard

The legal principles applicable to a request for preliminary injunctive relief are well established. "The traditional equitable criteria for granting preliminary injunctive relief are: 1) a strong likelihood of success on the merits, 2) the possibility of irreparable injury to plaintiff if the preliminary relief is not granted, 3) a balance of hardships favoring the plaintiff, and 4) advancement of the public interest (in certain cases)." Dollar Rent A Car v. Travelers Indem. Co., 774 F.2d 1371, 1374 (9th Cir. 1985). The criteria are traditionally treated as alternative tests. "Alternatively, a court may issue a preliminary injunction if the moving party demonstrates 'either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.'" Martin v. International Olympic Comm., 740 F.2d 670, 675 (9th Cir. 1984) (quoting William Inglis & Sons Baking Co. v. ITT Continental Baking Co., 526 F.2d 86, 88 (9th Cir. 1975)). The Ninth Circuit has reiterated that under either formulation of the principles, if the probability of success

on the merits is low, preliminary injunctive relief should be denied:

> <u>Martin</u> explicitly teaches that "[u]nder this last part of the alternative test, even if the balance of hardships tips decidedly in favor of the moving party, it must be shown as an irreducible minimum that there is a fair chance of success on the merits."

<u>Johnson v. California State Bd. of Accountancy</u>, 72 F.3d 1427, 1430 (9th Cir. 1995) (quoting <u>Martin</u>, 740 F.2d at 675).

In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

Petitioner seeks the same relief he sought as permanent relief in his dismissed petition — an immediate transfer to the federal prison system because, he alleges, (unnamed) employees of the California Department of Corrections and Rehabilitation (CDCR) have engaged in a conspiracy against him and have circulated false information and false documents (about him) to other inmates for the purpose of endangering him in retaliation for his activities in reporting CDCR corruption and criminal activity. He alleges that on March 17, 2005, members of the California Correctional Peace Officers Association (CCPOA) at Corcoran State Prison incited another inmate to attempt an assault upon him. Petitioner fails to name any individual responsible for this alleged action nor to provide any further details of the incident.

Petitioner claims that subsequently he was retained in administrative segregation for ninety days for pretextual reasons during which unidentified CCPOA members circulated malicious (but undescribed) slander about him and false (but unidentified) documents about him in order to provoke inmate violence against him. As a result, petitioner was violently attacked by two to three inmates on June 16, 2005, after which the CCPOA engaged in a cover-up of the incident by failing to report it. No further detail about this incident is provided.

\\\\\

1  Petitioner also alleges that he has been set up by unidentified individuals and
2  suffered undescribed incidents of excessive force at the hands of the CCPOA at Solano State
3  Prison; Pelican State Prison; Wasco State Prison; and Salinas Valley State Prison, as well as at
4  Corcoran. Petitioner claims that he is being victimized by the CCPOA because of unspecified
5  challenges he has made to a pattern of racial discrimination in prison and unidentified instances
6  of equal protection violations.
7  In this case, petitioner has yet to file, as plaintiff, a civil rights complaint, which is
8  a threshold jurisdictional requirement for the court to be able to consider preliminary injunctive
9  relief. Moreover, the court can hardly evaluate the likelihood of success on the merits of
10 allegations not yet before it. Moreover, petitioner's claims of conspiracy against unnamed parties
11 are not set forth with sufficient specificity to demonstrate that he faces a possibility of irreparable
12 injury. For example, he does not characterize the types of documents circulated about him nor
13 the substance of the allegedly false claims; he does not identify individuals who have posed a
14 threat to him. He makes generalized allegations against the CCPOA as having victimized him in
15 unidentified ways at various prisons. This court must recommend denial of his request.
16 Accordingly, IT IS RECOMMENDED that petitioner's October 14, 2005 request
17 for a TRO or preliminary injunction be denied.
18 \\\\\
19 \\\\\
20 \\\\\
21 \\\\\
22 \\\\\
23 \\\\\
24 \\\\\
25 \\\\\
26 \\\\\

1  These findings and recommendations are submitted to the United States District
2  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
3  days after being served with these findings and recommendations, petitioner may file written
4  objections with the court.  Such a document should be captioned "Objections to Magistrate
5  Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections
6  within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
7  <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 11/01/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hami1761.dny