IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE HAMILTON,

    Petitioner,                    No. CIV S-05-1761 DFL GGH P

    vs.

J.S. WOODFORD,

    Respondent.                  ORDER

_____/

        Petitioner has requested the "emergency" appointment of counsel. By Order filed on October 6, 2005, petitioner's purported habeas application was dismissed, for the reasons set forth therein, with leave to file a civil rights action, along with an in forma pauperis affidavit or the appropriate filing fee, within thirty days. Petitioner thereafter sought reconsideration of the order, which request is pending before the district court.[1]

        Since this court's dismissal with leave to amend, petitioner has been granted two 30-day extensions of time to file a civil rights action. See Orders, filed on November 9, 2005 and December 22, 2005. Petitioner has finally managed to file his in forma pauperis application as of December 30, 2005, but has still not filed his civil rights complaint. In the December 22, 2005 order, the court cautioned petitioner that there would be no further extension of time granted for the filing of his civil rights complaint.

\\\\\

---

[1] Also pending are the November 2, 2005 Findings and Recommendations recommending denial of petitioner's October 14, 2005 request for preliminary injunctive relief.

        The court has previously informed petitioner that once he files a civil rights action, the Clerk of the Court would be directed to re-designate this action as one brought pursuant to 42 U.S.C. § 1983. In the present application, petitioner, as plaintiff, seeks a "stay" of this action until his present request for appointment of counsel has been resolved.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Petitioner/plaintiff's request for the appointment of counsel will therefore be denied.

        Petitioner, as plaintiff, alleges that as he is housed in administrative segregation he is denied direct access to the prison library and may only use the paging system, which limits his capacity to conduct legal research. Plaintiff appears to be most concerned that without legal research he will be unable to avoid any future finding of "res judicata" or "collateral estoppel" as to any later claim for damages, as he intends only to seek injunctive relief in the present case.

        Petitioner, as plaintiff, does not make clear why he cannot make all of his claims for relief in one action. In any event, plaintiff is in greater danger of not being allowed to proceed in this action altogether for a failure to comply with this court's orders. <u>See</u> Local Rule 11-110; Fed. R. Civ. P. 41(b). Despite its prior warning, the court will grant petitioner/plaintiff an additional extension of time file a civil rights action. Should he fail to do so within thirty days of the date this order is filed, the undersigned will recommend dismissal of this action.

        Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner/plaintiff's January 23, 2006 request for appointment of counsel is denied, and the inapposite request for a "stay" is disregarded; and

/////

2. Petitioner/plaintiff is granted a further and final extension of time of thirty days to file a civil rights action; failure to do so will result in this court's recommendation of dismissal of this action.

DATED: 3/7/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009/bb
hami1761.110