IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GEORGE HAMILTON,

    Petitioner,                        No. CIV S-05-1761 DFL GGH P

    vs.

J.S. WOODFORD,

    Respondent.                      FINDINGS AND RECOMMENDATIONS

_____/

        By Order, filed on March 7, 2006, petitioner/plaintiff's January 23, 2006 request for "emergency" appointment of counsel was denied and his inapposite request for a "stay" was disregarded. By Order filed on October 6, 2005, petitioner's purported habeas application was dismissed, for the reasons set forth therein, with leave to file a civil rights action,[1] along with an in forma pauperis affidavit or the appropriate filing fee, within thirty days. Petitioner thereafter sought reconsideration of the order, which request was denied by the district court by Order, filed on June 12, 2006.[2]

\\\\\

---

[1] The court has previously informed petitioner that once he files a civil rights action, the Clerk of the Court would be directed to re-designate this action as one brought pursuant to 42 U.S.C. § 1983.

[2] Also denied by a separate Order, filed on June 12, 2006, adopting the November 2, 2005 Findings and Recommendations, was petitioner's October 14, 2005 request for preliminary injunctive relief.

1        Since this court's dismissal with leave to amend, petitioner/plaintiff has been
2 granted *three* 30-day extensions of time to file a civil rights action.  See Orders, filed on
3 November 9, 2005, on  December 22, 2005, and on March 7, 2005.  The last extension of time
4 was granted despite the fact that in the prior order, filed on December 22, 2005,
5 petitioner/plaintiff had been cautioned that no further extension of time would be granted for the
6 filing of his civil rights complaint.
7        Notwithstanding the generous extensions of time permitted him,
8 petitioner/plaintiff has to this date failed to file a civil rights complaint and the time for doing so
9 has long since expired.  Instead, petitioner/plaintiff has sought an "emergency stay," continuing
10 to press for relief in the form of a transfer to federal custody from state prison, due to undefined
11 "CDCR corruption, criminal activity and abuse."  See Motion for Emergency Stay...., p. 2, filed
12 on March 24, 2006.  In that request, petitioner/plaintiff, inter alia, asks that the court take judicial
13 notice of Cal. Govt. Code § 3304(d).  This code subdivision, the relevance for which
14 petitioner/plaintiff provides no explanation, speaks to the time limitations, and exceptions to such
15 limitations, for the investigation by a public agency of allegations of misconduct, etc., against a
16 state public safety officer.   Plaintiff goes on to claim that he has suffered two physical attacks,
17 on March 17, 2005 and June 16, 2005, which attacks were caused as a result of CDCR
18 corruption.  He states that he is fearful that if he drafts an action pursuant to 42 U.S.C. § 1983, he
19 will somehow obstruct justice concerning any future state or federal investigation and criminal
20 prosecution arising from the alleged incidents which he intends, at some future undefined date, to
21 seek.  As he did in an earlier filing, he also revisits his concern about whether or not any action
22 he brings for money damages in future might be dismissed as "res judicata" or collaterally
23 estopped, should he only bring a claim now for injunctive relief.
24        In response to this concern with regard to parsing his claims for relief in a civil
25 rights action, raised earlier by petitioner/plaintiff, this court stated:
26 \\\

1          Petitioner, as plaintiff, does not make clear why he cannot make all
        of his claims for relief in one action.  In any event, plaintiff is in
2          greater danger of not being allowed to proceed in this action
        altogether for a failure to comply with this court's orders.  See
3          Local Rule 11-110; Fed. R. Civ. P. 41(b).

4  See Order, filed on March 7, 2006.

5          As to the viability of any criminal investigation or prosecution, unrelated to any

6  civil action, that is not a determination for petitioner/plaintiff to make.  Nor is it the function of

7  this court to serve as legal counsel for petitioner/plaintiff.

8          Most recently, petitioner/plaintiff filed a declaration, on June 9, 2006, once again

9  seeking a transfer to federal prison.  In that declaration, petitioner/plaintiff once again repeats his

10 request for a transfer to federal prison — based on allegations that Corcoran's CDCR staff has

11 begun a "a malicious slander campaign against petitioner...inciting and provoking inmate

12 violence..." due to his undescribed activities in challenging CDCR and corruption at CSP-

13 Corcoran — is not responsive to this court's repeated orders.   He again does not demonstrate a

14 material justification for either the transfer he believes he needs or for his continuing failure to

15 file a complaint.  His reference, for example, to not being served the appropriate peanut butter to

16 accommodate his religious preference does not provide any basis whatever for a transfer to a

17 federal prison for safety reasons.  Nor does the statement that "petitioner fear [sic] to go to all

18 general population main-lines," which statement he alleges certain prison staff has made "out

19 loud," constituting "malicious slander."  See Declaration of Petitioner, filed 6/9/06, pp. 4-5.

20         Petitioner/plaintiff has been repeatedly cautioned that should he fail to file a civil

21 rights action, the undersigned would recommend dismissal of this action.  He has also been

22 warned that he may not be allowed to proceed in this action on the ground that he has failed to

23 comply with this court's orders.  See Order, filed on March 7, 2006, referencing Local Rule 11-

24 110; Fed. R. Civ. P. 41(b) and quoted above.  The court finds that petitioner/plaintiff's

25 unresponsiveness to court orders warrants dismissal.  Therefore, the undersigned will recommend

26 dismissal for petitioner/plaintiff's failure to file a civil rights complaint, despite the court's

1  leniency in granting him numerous opportunities to do so, and for his repeated failure to comply
2  with this court's orders.
3          Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed.
4          These findings and recommendations are submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
6  days after being served with these findings and recommendations, petitioner/plaintiff may file
7  written objections with the court.  Such a document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  Petitioner/plaintiff is advised that failure to
9  file objections within the specified time may waive the right to appeal the District Court's order.
10 <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED: 6/20/06

      /s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hami1761.fr2